**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**EDVIN AVDIC,**

    **Petitioner,**

vs.                                          Case No. 4:13cv314-WS/CAS

**U.S. IMMIGRATION & CUSTOMS
ENFORCEMENT,**

    **Respondent.**
_____/

## REPORT AND RECOMMENDATION

This case was transferred to this Court upon Petitioner's filing of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Doc. 1. Petitioner is currently detained in the Wakulla County Jail on an immigration charge. *Id.* at 1. Petitioner does not indicate if or when an order of removal was entered, but Petitioner advises that an appeal was filed with the Board of Immigration Appeals on April 21, 2013. *Id.* at 5. Petitioner states that the appeal concerns "asylum and withholding removal only" and it was pending as of the date the petition was initiated on May 7, 2013. *Id.; see also* doc. 1-1.

The basis for the instant petition is Petitioner's contention that his detention is unlawful because that state law that he was convicted of violating (trafficking in

oxycodone) was subsequently declared void and unconstitutional in Shelton v. Sec'y, Dep't of Corr., 802 F.Supp.2d 1289 (M.D. Fla. 2011).[1]  Id. at 5-6.  Thus, Petitioner asserts that "[s]ince the basis of deportation or removal proceding [sic] is the violation of a" non-existent and void statute, his detention is unlawful.  Id. at 6.  Petitioner requests this Court order Immigration officials to dismiss the charge against him and release him from detention.  Id. at 8.

To the degree Petitioner has not yet been issued a final order of removal, this Court lacks jurisdiction to consider Petitioner's claim because it challenges and, thus, "arises from" a decision to commence removal proceedings and execute a removal order.  Pursuant to 8 U.S.C. § 1252(g), "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter."  Because it does not appear that Petitioner has yet received a final order of removal from the BIA, and because Petitioner is challenging questions of law and fact arising from a decision to commence removal proceedings against Petitioner, this case should be dismissed for lack of jurisdiction.

If, however, Petitioner has received a final order of removal by the time this Report and Recommendation is entered, his avenue of relief in which to seek judicial

---

[1] In that case, the court granted the petitioner's request for habeas relief and found "Fla. Stat. § 893.13 is unconstitutional on its face."  Shelton, 802 F.Supp.2d at 1293.  However, the district court's opinion was reversed in Shelton v. Sec'y, Dep't of Corr., 691 F.3d 1348, 1355 (11th Cir. 2012) (reversing the grant of habeas relief, but "express[ing] no view on the underlying constitutional question, [and limiting] analysis to AEDPA's narrow inquiry."), and the Florida Supreme Court upheld the statute as constitutional in State v. Adkins, No. SC11–1878, —— So.3d ——, 2012 WL 2848903 (Fla. July 12, 2012).

review of a legal error in the removal order is by filing a petition for review with the court of appeals.  8 U.S.C. § 1252(a)(2)(D),[2] *cited in* Balogun v. United States Atty. Gen., 425 F.3d 1356, 1360 (11th Cir. 2005); *see also* Song v. United States Atty. Gen., No. 12-12595, 2013 WL 1668218, at *1, 4 (11th Cir. April 16, 2013).  Because it does not appear on this record that a final order has been entered, it is recommended that the instant § 2241 petition be dismissed rather than transferred to the Eleventh Circuit Court of Appeals.

**RECOMMENDATION**

In light of the foregoing, it is respectfully **RECOMMENDED** that Petitioner's petition for writ of habeas corpus pursuant to § 2241, doc. 1, be **DISMISSED** for lack of jurisdiction.

**IN CHAMBERS** at Tallahassee, Florida, on May 30, 2013.

 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

---

[2] That statute provides that "[n]othing in subparagraph (B) or (C), or in any other provision of this chapter (other than this section) which limits or eliminates judicial review, shall be construed as precluding review of constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals in accordance with this section."  8 U.S.C. § 1252(a)(2)(D).